936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank Lee USHER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1038.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Lee Usher, a federal prisoner represented by counsel, appeals the district court's denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On April 1, 1982, pursuant to a Fed.R.Crim.P. 11 plea agreement, Usher pleaded guilty to continuing criminal enterprise (CCE), and was sentenced to thirteen years imprisonment to run consecutive to a life sentence imposed on a Michigan state murder conviction, and consecutive to another five year federal sentence imposed on January 28, 1982. Later, after serving almost ten years on the state murder conviction, Usher was granted a new trial on the murder conviction. On March 30, 1989, Usher was acquitted of first degree murder. He then entered a guilty plea to accessory after the fact and was sentenced to 40-60 months (3 years 4 months to five years) imprisonment, and he was given 3,838 days credit. The Bureau of Prisons denied Usher's request for credit for time served and determined that Usher began serving his federal sentences on September 19, 1988, after posting bond in state court when he had been granted a new trial on the murder conviction.
 
 
 3
 Thereafter, Usher filed this motion to vacate alleging: 1) he was entitled to resentencing because the court considered the vacated state murder conviction when imposing sentence on the 1982 CCE conviction; and 2) he was entitled, under 18 U.S.C. Sec. 3568, to credit on his federal sentence for time served on the invalid state murder conviction. The district court denied the motion, finding that the sentence imposed on the CCE conviction was within the range permitted under the plea agreement, and that Usher's claim that he was entitled to credit for time served was not supported by case law.
 
 
 4
 On appeal, Usher reasserts his claims and additionally argues that credit should be allowed under 18 U.S.C. Sec. 3585, and that the district court failed to consider policy and constitutional implications when denying his request.
 
 
 5
 Upon review, we affirm the district court's judgment. Usher is not entitled to resentencing because the court honored the plea agreement and imposed a sentence that was within the permissible range of the plea agreement. Usher does not contest the validity of the plea agreement. Therefore, he should be held to the terms of the agreement. See Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 Nor is Usher entitled to credit for time served under 18 U.S.C. Sec. 3568. Usher argued that it was unfair for the Bureau of Prisons not to credit him with the nearly five years he served on the state murder conviction that was subsequently vacated. Usher is not entitled to relief because the statute mandates that time served on a federal sentence may only be calculated from the date Usher was delivered to federal officials. This is so even for a state prisoner whose state sentence has been vacated. See Pinaud v. James, 851 F.2d 27, 31 (2d Cir.1988). Consequently, the Bureau of Prisons correctly calculated Usher's federal sentence as having commenced on September 19, 1988, after he posted bond in state court when he was granted a new trial.
 
 
 7
 Finally, we do not consider Usher's other claims regarding 18 U.S.C. Sec. 3585 and the constitutional implications of denying him credit, because these claims were not first presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.